**Electronically Filed
Intermediate Court of Appeals
CAAP-13-0003042
16-FEB-2016
09:23 AM**

NO. CAAP-13-0003042

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee,
v.
MICHAEL FRAZER, Defendant-Appellant
and
NEALE JOHNSON, Defendant-Appellee.

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NO. 12-0166)

SUMMARY DISPOSITION ORDER
(By: Nakamura, Chief Judge, and Reifurth and Ginoza, JJ.)

Plaintiff-Appellee State of Hawai'i (State) charged Defendant-Appellant Michael Frazer (Frazer) with first-degree terroristic threatening with the use of a dangerous weapon, namely, a semiautomatic firearm (Count 1); and possession of a firearm while under indictment for a felony (Count 2). Prior to trial, the Circuit Court of the First Circuit (Circuit Court)[1] dismissed Count 2,[2] and the case proceeded to trial on Count 1.

The jury found Frazer guilty as charged on Count 1. The Circuit Court sentenced Frazer to five years of imprisonment, subject to a mandatory minimum term of five years based on his

---

[1] The Honorable Glenn J. Kim presided.

[2] The Circuit Court's dismissal of Count 2 is the subject of a separate appeal by the State.

use of a semi-automatic firearm in committing the terroristic threatening offense.  The Circuit Court also sentenced Frazer to a concurrent term of five years of imprisonment in a separate case for promoting a dangerous drug in the third degree, after setting aside a conditional discharge he had been granted on that offense.  The Circuit Court entered its Judgment in this case on July 31, 2013.

I.

The complaining witness on the first-degree terroristic threatening charge was Obed Sullivan (Sullivan), a former heavyweight boxing champion.  The police recovered a 9-millimeter semi-automatic handgun, loaded with a magazine clip containing nine bullets, which was identified as the firearm that Frazer had used.  Frazer did not dispute that he had displayed the handgun to Sullivan, but claimed that he had done so in self-defense.

On Tuesday afternoon, prior to the close of the defense case, defense counsel informed the Circuit Court that Mitchell Pettus (Pettus), a witness whom the defense had served with a subpoena and planned to call, had just informed counsel that he would not be available to testify until the following Monday. Defense counsel represented that prior to leaving on a trip to the mainland, Pettus had promised defense counsel that he would be back by Wednesday and available to testify Thursday morning at the latest, but that Pettus had just informed counsel that he would not return to Hawai'i until Sunday.  Pettus had provided a written statement which in substance related that Sullivan had told Pettus to tell Frazer that Sullivan would decline to testify if Frazer paid Sullivan $1,500 to $2,000, and that if Frazer wanted to settle their dispute on the streets, Sullivan would buy a gun and be ready for a confrontation.

Defense counsel moved that Pettus be declared unavailable and that the signed written statement Pettus had provided to an investigator from the prosecutor's office be admitted pursuant to Hawaii Rules of Evidence (HRE) Rule

804(b)(8) (1993 & Supp. 2015).[3] When the Circuit Court denied that request, defense counsel moved for a continuance of the trial to the following week so that the defense could call Pettus. The Circuit Court denied the motion for continuance.

II.

On appeal, Frazer argues that the Circuit Court abused its discretion in denying his motion to admit Pettus's written statement pursuant to HRE Rule 804(b)(8), or in the alternative, in denying his motion to briefly continue the trial to enable Pettus to testify in person. As explained below, we conclude that the Circuit Court properly denied Frazer's motion to admit Pettus's statement under HRE Rule 804(b)(8), but that the Circuit Court abused its discretion in denying Frazer's motion for a short continuance to obtain Pettus's testimony. We therefore vacate Frazer's first-degree terroristic threatening conviction and remand the case for a new trial.

A.

The Circuit Court did not err in denying Frazer's motion to admit Pettus's written statement under HRE Rule 804(b)(8). Pettus's statement was not signed under oath, there was no impartial, independent corroboration for Pettus's statement, and Sullivan denied that he had made the statements

---

[3] HRE Rule 804(b)(8) provides:

> (b) Hearsay exceptions. The following are not excluded by the hearsay rule if the declarant is unavailable as a witness:
>
> . . . .
>
> (8) Other exceptions. A statement not specifically covered by any of the foregoing exceptions but having equivalent circumstantial guarantees of trustworthiness, if the court determines that (A) the statement is more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts, and (B) the general purposes of these rules and the interests of justice will best be served by admission of the statement into evidence. However, a statement may not be admitted under this exception unless the proponent of it makes known to the adverse party sufficiently in advance of the trial or hearing to provide the adverse party with a fair opportunity to prepare to meet it, the proponent's intention to offer the statement and the particulars of it, including the name and address of the declarant.

reported by Pettus. We conclude that Pettus's written statement lacked the circumstantial guarantees of trustworthiness necessary to admit the statement under HRE Rule 804(b)(8). Accordingly, Frazer was required to call Pettus to testify in person to introduce what Pettus had reported in his statement.

B.

We conclude that the Circuit Court abused its discretion in denying Frazer's request for a short continuance to enable him to secure Pettus's testimony. Conflicting evidence was presented regarding Frazer's claim of self-defense, and the question of Sullivan's credibility was a critical issue at trial. The Circuit Court accepted defense counsel's representation that Pettus had been served with a subpoena requiring his attendance at trial and that prior to leaving on his mainland trip, Pettus had agreed to return from his trip by Wednesday to testify no later than Thursday morning.[4] This demonstrated that the defense had exercised due diligence to obtain Pettus's appearance. Pettus indicated his willingness to testify by providing a written statement to an investigator from the prosecutor's office and by keeping in contact with defense counsel. Pettus was expected to return to Hawai'i within a few days of defense counsel's request for a continuance, and the Circuit Court apparently assumed that Pettus would be available to testify if it continued the trial to the following week.[5] Pettus's proffered testimony would have served to impeach Sullivan's testimony by indicating that Sullivan had an ulterior motive for testifying against Frazer and that Sullivan had a bias against Frazer. Because Frazer's self-defense claim depended on

---

[4] Prior to trial, defense counsel had apprised the Circuit Court that Pettus had agreed to return from his trip and be available to testify no later than Thursday morning, and the Circuit Court had set the trial schedule with the understanding that Pettus may not be available to testify until Thursday morning.

[5] The Circuit Court stated: "I suppose if I were willing to give [the defense] a continuance or continue this trial to next week, [Pettus would] be back here and he could testify."

attacking Sullivan's credibility, Pettus's proffered testimony was relevant and, under the circumstances of this case, would have provided substantial favorable evidence to support Frazer's defense, in light of the nature of Frazer's self-defense claim and the other evidence presented.

The continuance requested by Frazer to enable him to obtain Pettus's testimony would only have delayed the trial by a few days. Under the particular circumstances presented, we conclude that the Circuit Court abused its discretion in denying Frazer's request for a short continuance. See State v. Valmoja, 56 Haw. 452, 453-54, 540 P.2d 63, 64 (1975) (holding that the trial court violated the defendant's right to compulsory process for obtaining witnesses in his favor by denying the defendant's motion for a continuance "when defense counsel had acted diligently to procure the absent witnesses and their testimony was relevant and material to the defense"); State v. Canencia, No. 29345, 2009 WL 3151221, at *2-4 (Hawai'i App. Sept. 30, 2009) (holding that the trial court abused its discretion in denying the defendant's motion for a continuance of trial to obtain the testimony of an absent witness).

III.

Based on the foregoing, we vacate the Circuit Court's Judgment and remand the case for a new trial.

DATED: Honolulu, Hawai'i, February 16, 2016.

On the briefs:

Phyllis J. Hironaka
Deputy Public Defender
for Defendant-Appellant

James M. Anderson
Deputy Prosecuting Attorney
City and County of Honolulu
for Plaintiff-Appellee

*Craig H. Nakamura*
Chief Judge

*Lawrence M. Reifurth*
Associate Judge

*[signature]*
Associate Judge

5